IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY D. BUTLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 11-1481 |
| ) | |
| MICHAEL ASTRUE, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

O R D E R

AND NOW, this 13th day of March, 2013, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan,

1

738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

Neither argument raised by Plaintiff has any merit. As to her argument that she meets Listing 12.04 because she has marked restriction of activities of daily living, the Court notes that Plaintiff has done little more than cherry-pick a few comments from her own testimony at the hearing before the Administrative Law Judge ("ALJ") in support of her claim. Although Plaintiff also cites generally to "the medical records in evidence," she cites to no specific medical evidence in the record that would support a finding that she meets Listing 12.04. The ALJ, on the other hand, examined the entire record in finding that Plaintiff had only moderate restriction of activities of daily living, and substantial evidence supports his decision. The Court further notes that, even if Plaintiff could establish marked restriction of activities of daily living, she would still need to establish at least one other criterion under paragraph B of Listing 12.04. Plaintiff offers no arguments that any of these other criteria have been met. While the ALJ did find that Plaintiff had experienced one or two episodes of decompensation, each of extended duration, this would not constitute "repeated" episodes of decompensation. See 20 C.F.R. Pt. 404, Subpt. P, App. I, § 12.00(C)(4).

Plaintiff's second argument fares no better. She argues that the ALJ erred in not including every limitation to which she testified at the hearing in the hypothetical question to the vocational expert ("VE"). However, as the ALJ explained in his decision, he did not find Plaintiff's testimony regarding the intensity, persistence, and limiting effects of her symptoms to be fully credible. (R. 53). Although a hypothetical question to a VE must accurately portray the claimant's physical and mental impairments, it need reflect only those impairments that are supported by the record. See Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). The hypothetical on which the decision relied contained all of the limitations found by the ALJ, and substantial evidence supports his findings. While the ALJ did also proffer an additional limitation regarding Plaintiff's alleged

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 5) is DENIED and defendant's Motion for Summary Judgment (document No. 7) is GRANTED.

                                                   s/Alan N. Bloch
                                                   United States District Judge

ecf:  Counsel of record

---

limitation in accepting criticism in an alternative hypothetical to the VE, he did not ultimately find such a limitation. See Burns v. Barnhart, 312 F.3d 113, 123 (3d Cir. 2002) ("[W]hile the ALJ may proffer a variety of assumptions to the expert, the vocational expert's testimony concerning a claimant's ability to perform alternative employment may only be considered for purposes of determining disability if the question accurately portrays the claimant's individual physical and mental impairments." (citing Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984))). Indeed, the record establishes, at best, no more than the fact that Plaintiff does not like to be criticized, not that she is precluded from accepting it.